# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## ROWLAND AND OTHERS v. ROWLAND AND OTHERS.

### December 7, 1905.

1. APPEAL AND ERROR—*Who May Appeal—Interest.*—In order that an appeal may be successfully prosecuted, it must be shown that the appellant has been aggrieved. An infant legatee as to whom a will is declared valid, and whose legacy has been paid in full, has no interest in and cannot appeal from a decree declaring the will void as to all other parties.

2. WILLS—*Issue Devisavit vel non—Terms of Issue—Code, Sec. 2544.*— It was not intended by Code, Sec. 2544, to make hard and fast the exact terms in which an issue *devisavit vel non* should be framed. Where a will is assailed on the ground of incapacity of the testator to make a will and of fraud and undue influence exerted over him, and the issue tendered by the bill is accepted by the answer, and the will is assaulted and defended as a whole, and there is no suggestion from any source that the will may be valid in part and invalid as to other parts, in framing an issue under Code, Sec. 2544, it is sufficient to direct the jury to ascertain whether a given paper, purporting to be the last will and testament of the testator, is the true last will and testament of the testator. It is not necessary to go further and enquire whether any part of said paper is his will.

Appeal from a decree in chancery of the Circuit Court of Clarke county. The appellants filed a bill to review a former decree in a suit in chancery praying an issue *devisavit vel non.* The decree was adverse to appellants, all of whom but one were parties defendants. Thereupon they and one other filed a bill of review. Decree in favor of the defendants to the bill of review. The complainants in that bill appeal.

*Affirmed.*

The opinion states the case.

*A. Moore, Jr.,* and *Chas. M. Broun,* for the appellants.

*Marshall McCormick,* for the appellees.

KEITH, P., delivered the opinion of the court.

A bill was filed in the Circuit Court of Clarke county by George W. Rowland and others, in which it is stated that Thomas J. Rowland, of Clarke county, died seised of a tract of land valued at about $4,000, and that in addition thereto he left some personal property; that since he died a writing, purporting to be his last will and testament, has been admitted to probate in the County Court of that county, which, as plaintiffs allege, is not the true last will and testament of the decedent, who, as they charge, was incapable, by reason of physical and mental infirmity, of making a will, and because it was obtained by undue influence and fraud practiced by certain of the defendants.

The defendants, who were the beneficiaries under the will, answered, denying the allegations of the bill, and maintaining, on the contrary, that the said paper writing so admitted to probate "is the true last will and testament of Thomas J. Rowland, deceased, and that he was perfectly capable, both mentally and physically, of making a will."

Upon the pleadings an issue was awarded to ascertain "whether or not the paper, dated February 18, 1901, purporting to be the last will and testament of Thomas J. Rowland, is the true last will and testament of the said Thomas J. Rowland;" and it was provided further that "On the trial of this issue the propounders of the will shall be the plaintiffs, and contestants are defendants."

A jury was impaneled on the common law side of the court which rendered a verdict as follows: "We, the jury, on the issues joined, find that the paper dated February 18, 1901, signed by Thomas J. Rowland, witnessed by Daniel Hefflebower and C. W. Conrad, and purporting to be the last will of said Thomas J. Rowland, is not the last will of said Thomas J. Rowland."

This verdict was certified to the court upon its chancery side, which received and approved it, and decreed accordingly; and the cause was retired from the docket.

On the 2nd of February following, John J. Rowland, Jennie Posten, and others, presented a bill of review, in which they set out the object of the original bill, the proceedings thereunder, and then allege that Abbie Posten was, at the time of the decree which they ask to be reviewed, and now is, an infant under the age of twenty-one years; and that while she was made a party to the original bill, no guardian *ad litem* was appointed or asked for as to her, and she is therefore advised that the proceedings in the said suit are, with respect to her, null and void.

The complainants in the bill of review assign also as error that the issue tried by the jury under the original bill is not the issue prescribed by the statute in such cases; that it was irregular, and that the verdict of the jury thereon is illegal because upon the issue as framed the jury were compelled to find for the will in its entirety, or against it in its entirety, while the issue prescribed by the statute is so phrased as to permit a jury upon the issue of *devisavit vel non* to sustain the instrument, submitted to it, in part and reject it in part.

Answering this bill, the defendants tendered and offered to bring into court the full amount of the bequest to Abbie Posten

in the will under investigation, to be received in full discharge of the legacy to her. They denied that the issue directed by the decree of the February term, 1902, is not the issue prescribed by statute in such cases.

Upon the issue raised by the bill of review, the answer thereto, and the depositions of witnesses, the court entered a decree, denying the relief prayed for with respect to the adult defendants, and with respect to Abbie Posten the decree recites, that "the verdict of the jury as to her is set aside, by the consent of all of the other parties in interest, except the complainants in the bill of review. As to said infant defendant, it is by like consent, ordered that the will shall be established as to the infant defendant, and as to her legacy said decedent died testate, but this consent does not extend beyond her interest, and it is ordered as to all other parties in interest said decedent died intestate.

"In order that no one can be prejudiced by this decree, the defendants to the bill of review moved the court to permit them to pay one hundred dollars, the amount of the legacy left her by the will of the alleged testator, with interest thereon from the 8th day of August, 1901, into the hands of the general receiver, to be by him held until, in the proper course of administration, the same shall be disbursed by proper proceedings, which said motion the court granted. Thereupon the said defendants paid the said money to the general receiver. As to the decree for costs the said Abbey Posten by like consent is relieved and released from the payment of all costs, either in the original proceeding or in this proceeding had upon the bills of review. In all other respects the final decree in this cause, sought to be reviewed, is approved and confirmed."

In order that an appeal may be successfully prosecuted, it

must be shown that the appellant has been aggrieved. It is manifest that Abbie Posten is in no respect interested in the case before us. A reversal of the decree would give her nothing more than that which she receives under the decree.

The remaining question to be considered is as to the form of the issue submitted to the jury.

By section 2544 of the Code it is provided, that "After a sentence or order under this section, a person interested, who was not a party to the proceeding, may, within two years, proceed by bill in equity to impeach or establish the will, on which bill a trial by a jury shall be ordered, to ascertain whether any, and if any, how much of what was so offered for probate, be the will of the decedent."

The statute does not undertake to prescribe the terms of the issue. It states the object in view in the framing of the issue, which is to ascertain whether any, and if any how much, of what was offered for probate is the will of the decedent; but it was not intended to make hard and fast the exact terms in which the issue should be framed. A substantial compliance with the statute, looking to the object to be accomplished, is sufficient.

The bill in this case attacks the will as a whole. It states a case which, if true, avoids the whole and every part of the paper which had been probated as the will of the decedent. The answer accepts the issue thus tendered, and undertakes to maintain the will in its entirety. There is no suggestion in bill or answer, or in the evidence adduced, that a part of the paper may be established as a will and the residue rejected as having been obtained by fraud or undue influence. The issue was framed by the court precisely as it was tendered by the plaintiffs and accepted by the defendants, and it is manifest that it did not, and could not have operated to the prejudice of appellants.

We are of opinion that the decree complained of should be affirmed.

*Affirmed.*